UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACOB NOCITA, and NINA NOCITA

                Plaintiffs,

v.

ANDREA LEAL, et al.,

                Defendants.

Case No. C22-5741 BHS

ORDER TO SHOW CAUSE

This matter is before the Court on plaintiffs Jacob and Nina Nocita's motions to proceed *in forma pauperis*. Dkts. 4,5. Plaintiffs have filed a proposed civil rights complaint under 42 U.S.C. Section 1983. Considering deficiencies in the complaint discussed below, however, the undersigned will not grant plaintiffs' motion or direct service of the complaint at this time. On or before December 1, 2022, plaintiffs must either show cause why this cause of action should not be dismissed or file an amended complaint.

## DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C.

ORDER TO SHOW CAUSE - 1

§ 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

As discussed further below, it is difficult to discern the factual and legal basis of any of the asserted claims.

**A.   Plaintiff's Complaint**

Plaintiffs name 15 defendants in their complaint: Brian Dayton, David Blunderd, Shane Krohn, Christian Slater, Jeremy Mitchell, Andrea Leal, Sandra Common, Judge David Mistachkin, Adam Slater, Autumn Lytle, Dennis Cygen, Tarence Artz[1], Ella Sistruck-Hollender, Caroline Gatlin and Rachel Mattox.

Plaintiffs' complaint can be divided into three parts; first, plaintiffs name two (possibly three[2]) individuals employed by Child Protective Services ("CPS"), and raises claims associated with the CPS investigation involving their children. Dkt. 1, at 25-26.

---

[1] Plaintiffs do not provide any facts relating to this individual.

[2] It is unclear from plaintiffs' factual allegations whether Ella Sistruck-Hollender is a CPS employee.

ORDER TO SHOW CAUSE - 2

Second, plaintiffs name several police officers, and raises claims associated with the officers' involvement with the CPS investigation and Ms. Nocita's subsequent arrest.

It is unclear how Ms. Nocita's arrest was related to the CPS investigation. Dkt. 1, at 25, 28-29. Finally, plaintiffs name a Judge, witness, and several attorneys who were part of their case involving the custody of their children, and possibly Ms. Nocita's separate criminal defense case. *Id.* at 27, 30, 33-34.

Plaintiffs broadly state that their Fourth, Fifth, Sixth and Fourteenth Amendment rights were violated. *Id.* at 35-36. Plaintiffs allege that Ms. Nocita was falsely imprisoned, their children were wrongfully removed from their home and put into foster care, and Mr. Nocita was diagnosed with post-traumatic stress disorder. *Id.* at 38-39. Plaintiffs seek compensation and a court order holding defendants' responsible for their actions. *Id.* at 42.

1. <u>Judge David Mistachkin</u>

Section 1983 claims for monetary damages against judges are barred by absolute judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 9–12 (1991). "Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts . . .. A judge loses absolute immunity only when [they commit] acts in the clear absence of all jurisdiction or perform[ ] an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (citations omitted).

Judges retain their immunity even when accused of acting maliciously or corruptly, *see Mireles*, 502 U.S. at 11, or acting in error, *see Meek v. Cty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). Additionally, "in any action brought against a judicial

officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." 42 U.S.C. § 1983. Here, plaintiffs' allegations against Judge Mistachkin arise solely out of judicial acts taken within the jurisdiction of his court. This defendant, therefore, is absolutely immune from liability, unless plaintiffs can show that Judge Mistachkin acted in the clear absence of jurisdiction or performed an act that is not judicial in nature.

2. <u>Private Party</u>

Generally, private parties do not act under color of state law and they are therefore not liable under § 1983. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir.1991). To determine whether a private actor acts under color of state law for § 1983 purposes, the Court looks to whether the conduct causing the alleged deprivation of federal rights is "fairly attributable" to the state. *Price*, 939 F.2d at 707–08. Conduct may be fairly attributable to the state where (1) it results from a governmental policy and (2) the defendant is someone who fairly may be said to be a governmental actor. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). A private actor may be considered a governmental actor if the private actor conspires with a state actor or is jointly engaged with a state actor when undertaking a prohibited action. *Tower v. Glover*, 467 U.S. 914, 920 (1984).

Here, plaintiffs do not name Page Snodgrass as a defendant, but include facts against her specifically in their second cause of action. Plaintiffs broadly state that Page Snodgrass acted "under the color of law" when she "went around their neighborhood stalking" plaintiffs. Plaintiffs failed to explain how Ms. Snodgrass was acting under color

ORDER TO SHOW CAUSE - 4

of state law. *See* Dkt. 1 at 26. Plaintiffs also do not sufficiently allege that Ms. Snodgrass conspired or acted in concert with a state actor. Thus, plaintiffs must show cause why this claim, if they wish to name Ms. Snodgrass as a defendant, should not be dismissed on this basis.

Plaintiffs also name several attorneys as defendants, but do not specify whether they are court-appointed attorneys or private attorneys. To the extent plaintiffs are bringing claims against court-appointed defense attorneys that represented Ms. Nocita during her criminal case, the United States Supreme Court has held that court-appointed criminal defense attorneys are not state actors, and therefore, are not subject to § 1983 liability when they are acting in the capacity of an advocate for their clients. A "lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under the color of state law' within the meaning of § 1983." *Polk Cty. v. Dodson,* 454 U.S. 312, 318 (1981).

If the attorneys named as defendants are not court-appointed attorneys and are instead private parties, plaintiffs, as discussed above, must show how the attorneys were acting under the color of state law.

3. CPS Employees

First, to the extent plaintiff names the CPS employees in their official capacities, such claims would be barred under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989) (the State and its agencies are not subject to § 1983 claims because they are not "person[s]" within the meaning of that section and are entitled to immunity under the Eleventh Amendment; official capacity

ORDER TO SHOW CAUSE - 5

suit against state employee is really a suit against the official's office, and no different than a suit against the state).

Second, those employees are likely entitled to immunity in their personal capacities. See, e.g., *Tamas v. DSHS*, 630 F.3d 833, 841-42 (9th Cir. 2010) (State officials entitled to absolute immunity for their performance of quasi-prosecutorial and quasi-judicial functions); *Meyers v. Contra Costa County Dep't of Social Servs.*, 812 F.2d 1154, 1157 (9th Cir. 1997) ("social workers are entitled to absolute immunity in performing quasi-prosecutorial functions connected with the initiation and pursuit of child dependency proceedings"); *Doe v. Louisiana*, 2 F.3d 1412, 1415-18 (5th Cir. 1993) (caseworkers performing discretionary, non-prosecutorial functions are entitled to qualified immunity in the face of a § 1983 claim).

Finally, it is not clear plaintiffs allege facts showing how all individually-named defendants caused or personally participated in causing the harm alleged in the complaint, *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981), and they may seek to improperly include some supervisory personnel as liable for actions of subordinates under a theory of vicarious liability. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); see also *Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 2012) ("A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.' ") (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)).

4. <u>Police Officers</u>

Similar to the CPS employees plaintiffs name as defendants, it is also unclear from plaintiffs allegations how each individually named police officer caused or personally participated in causing the harm alleged in the complaint.

Further, to the extent plaintiffs seek damages based on claims that Ms. Nocita was unlawfully convicted, sentenced, and/or incarcerated after the named police officers allegedly conducted an unlawful search and seizure of plaintiffs' home (Dkt. 1 at 25), they may not pursue those claims in a civil rights action pursuant to 42 U.S.C. Section 1983, without first showing her conviction (or convictions) has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As the Ninth Circuit has held, Section 1983 claims alleging "illegal search and seizure of evidence upon which criminal charges are based" are barred by *Heck*. *Whitaker v. Garcetti*, 486 F.3d 572, 584 (9th Cir. 2007). As the complaint is currently presented, it is unclear whether some of plaintiffs' constitutional claims would be *Heck* barred.

CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint at this time. Accordingly, plaintiffs are ordered, on or before **December 1, 2022**, to show cause as to why plaintiffs' motion for IFP should not be denied due to the deficiencies of the complaint. If plaintiffs fail to timely respond to this Order to Show Cause, the undersigned will issue a Report and Recommendation to District Judge Benjamin H. Settle that plaintiff's IFP application should be denied. If the District Judge agrees with the Report and Recommendation and issues an order denying the motion for IFP,

plaintiff would be required to pay the filing fee of $400.00; if no filing fee is paid, then the action would be closed by the Clerk of the Court.

Dated this 14th day of November, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 8