UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACOB NOCITA and NINA NOCITA,

        Plaintiffs,

   v.

ANDREA LEAL, et al.,

        Defendants.

CASE NO. C22-5741 BHS

ORDER

This matter comes before the Court on Plaintiffs Jacob Nocita and Nina Nocita's Application for Court-Appointed Counsel, Dkt. 42.

Nocita[1] requests the Court appoint him counsel because he has been unable to secure counsel himself, asserting that the attorneys he contacted told him "they didn't have time to take on [his] case as i[t] was to[o] complex." *Id.* Defendants David Blundered, Brian Dayton, Shane Krohn, and Christian Slater respond that the Court should not appoint counsel because Nocita has failed to demonstrate exceptional circumstances by failing to show either a likelihood of success on the merits or that he is

---

[1] For ease of reference, the Court refers to Jacob and Nina Nocita in the singular as "Nocita."

ORDER - 1

unable to articulate his claims *pro se*. Dkt. 43. Defendants Sandra Common, Carolyn Gatlin, Andrea Leal, Rachel Mattox, Ella Sistrunk-Hollender, and Melissa Whitmire[2] respond that they "do not concede that [Nocita's] motion to appoint counsel has merit, but otherwise take no position on the motion." Dkt. 45.

No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel for indigent litigants who are proceeding *in forma pauperis*. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

The Court will appoint counsel under only "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotations omitted). These factors must be viewed together before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.*

Nocita has not articulated whether exceptional circumstances exist in this case. He has not demonstrated a likelihood of success on the merits or an inability to articulate his claims *pro se*.

---

[2] These Defendants also purport to move on behalf of Paige Snodgrass who is not named in Nocita's operative complaint, Dkt. 29.

Therefore, it is hereby **ORDERED** that Plaintiffs Jacob Nocita and Nina Nocita's Application for Court-Appointed Counsel, Dkt. 42, is **DENIED**.

Dated this 13th day of March, 2023.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3