UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Jacob Nocita eta al., | Case No. 3:22-cv-5741-TLF |
| Plaintiffs, | |
| v. | ORDER GRANTING STATE DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE |
| Andrea Leal et al., | |
| Defendants. | |

This matter comes before the Court on the State Defendants'[1] motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 51. The parties have consented to the jurisdiction of The Honorable Theresa L. Fricke. Dkt. 49. The Court, in reviewing Plaintiffs' complaint (Dkt. 29) and Defendants' motion to dismiss, finds that Plaintiffs' claims against the State Defendants are barred by the *Rooker-Feldman* doctrine, and therefore, should be dismissed with prejudice.

## DISCUSSION

A.  Allegations in the Complaint

Jacob and Nina Nocita ("the Nocitas") initiated this action under 42 U.S.C. §1983 on October 3, 2022. Dkt. 1. They amended their complaint on November 28, 2022. Dkt. 29.

---

[1] The State Defendants include Sandra Common, Carolyn Gatlin, De Alba, Andrea Leal, Rachel Mattox, Ella Sistruck-Hollender, Page Snodgrass, and Melissa Whitmire.

The Nocitas are the parents of three minor children. In their complaint, the Nocitas narrate various events that occurred starting in 2020 when their children were taken into state custody. Dkt. 29 at 9. The Nocitas state that officers came to their home with social workers, including Defendant Leal and Defendant De Alba. *Id.* The Nocitas further state that Defendant Whitmire, a supervisor at Child Protective Services, allowed the social workers she supervised, including Defendants Leal, De Alba, Hollender, Mattox, and Snodgrass to "commit these crimes" against the Nocitas and their family. *Id.* at 12. With respect to Defendants Hollender and Mattox, the Nocitas claim that they violated the Nocitas' rights to "have a say" in their children's education and upbringing, and discriminated against the Nocitas on the basis of their disabilities. *Id.* at 18. The Nocitas do not state specific facts or allegations against Defendants Common or Gatlin.

The Nocitas seek an injunction by this Court that Washington return their children to their custody, in addition to $20,000 in damages.

B.  Standard under 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

On a motion to dismiss, courts accept as true a plaintiff's well-pleaded factual allegations and construe all factual inferences in the light most favorable to the plaintiff.

1    *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

2    "Specific legal theories need not be pleaded so long as sufficient factual averments

3    show that the claimant may be entitled to some relief." *Fontana v. Haskin*, 262 F.3d 871,

4    876–77 (9th Cir. 2001).

5          Courts liberally construe a pro se litigant's complaint and hold it to a less

6    stringent standard than those drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89,

7    94 (2007) (per curiam). Pro se litigants should be granted leave to amend unless it is

8    absolutely clear that the deficiencies cannot be cured by amendment. *See Lopez v.*

9    *Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc).

10              i.     Judicial Notice

11         Although, as a general rule, a district court may not consider materials not

12   originally included in the pleadings in deciding a Rule 12 motion, it "may take judicial

13   notice of matters of public record" and consider them without converting a Rule 12

14   motion into one for summary judgment. *Lee v. City of Los Angeles,* 250 F.3d 668, 688

15   (9th Cir.2001). The Court may take judicial notice of court filings and other matters of

16   public record *sua sponte. See Callan v. New York Cmty. Bank*, 643 F. App'x 666 (9th

17   Cir. 2016); *see also In re Am. Continental Corp./ Lincoln Sav. & Loan Sec. Litig.,* 102

18   F.3d 1524, 1537 (9th Cir. 1996) (citations omitted), *rev'd on other grounds, Lexecon Inc.*

19   *v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26 (1998) ("Matters of public

20   record, including court records in related or underlying cases which have a direct

21   relation to the matters at issue, may be looked to when ruling on a 12(b)(6) motion to

22   dismiss.").

23

24

25

Here, the State Defendants filed a declaration in support of their motion to dismiss. *See* Dkt. 53, Declaration of AAG Miles F. Russell. The declaration includes certified copies of the Shelter Care Orders, Dependency Orders, and Termination Petitions for the Nocitas' three minor children entered in Grays Harbor County Superior Court.

Because these are records in a related case that have a direct relation to the matters at issue in this case, the Court takes judicial notice of the existence of the Shelter Care Orders filed on July 25, 2020, and August 4, 2020 (Dkt. 53 at Exhibit B), the Orders of Dependency entered on April 8, 2021, and May 5, 2021 (Dkt. 53 at Exhibit C), and the Department of Children, Youth, and Families' Termination Petitions for the minor children filed on August 28, 2022 (Dkt. 53 at Exhibit D). *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) ("[W]hen a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion.").

C. *Rooker-Feldman* doctrine

Plaintiff's claims against the State Defendants are barred by the *Rooker-Feldmen* doctrine.

Under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to review alleged errors in state court decisions. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 486 (1983); 28 U.S.C. § 1257. "[N]o matter how wrong a state court judgment may be under federal law, only the Supreme Court of the United States has jurisdiction to review it." *Sykes v. Cook Cty. Cir. Ct. Prob. Div.*, 837

F.3d 736, 742 (7th Cir. 2016). The doctrine applies not only to final judgments but also to interlocutory orders entered prior to the final disposition of a state court lawsuit. *Doe & Assocs. L. Offs. v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001).

The *Rooker-Feldman* doctrine bars jurisdiction over direct appeals from state court decisions and also over de facto appeals where " 'a party losing in state court' seeks 'what in substance would be appellate review of the state judgment ... based on the losing party's claim that the state judgment itself violates the loser's federal rights.' " *Doe v. McMann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06 (1994)). "[A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court ... must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Doe*, 415 F.3d at 1043 (quoting *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003)).

Plaintiffs' claims against the State Defendants are an appeal of the judicial decisions in the underlying state dependency cases. Plaintiffs seek monetary damages and an order to have Washington return their children back to their custody. The claims raised by the Nocitas' complaint ask this Court to reverse orders entered by Grays Harbor County Superior Court; thus, they are bringing a prohibited direct appeal. To the extent they seek monetary damages for alleged violations under 42 U.S.C. 1983, their claims amount to a de facto appeal because, to find in their favor, this Court would have to review the orders entered by Grays Harbor County Superior Court. *See, e.g.*, *Delaney v. Souther–Wyatt*, 2000 WL 33201931, slip op. at 3–4 (D. Or. 2000) (holding that the *Rooker–Feldman* doctrine barred consideration of the plaintiff's damages claims

1  alleging that the manner in which a child custody hearing was conducted violated his

2  constitutional rights); *Hanson v. Firmat*, 272 Fed. App'x 571, 572 (9th Cir. 2008) (holding

3  that the *Rooker–Feldman* doctrine barred the plaintiff's section 1983 claim alleging due

4  process violations in connection with child custody proceedings).

5        Plaintiffs' allegations against the State Defendants are "inextricably intertwined"

6  with the state court's orders. *Meza v. Meza*, 2013 WL 2338126, slip op. at 10 (C.D. Cal.

7  2013), *aff'd*, 617 F. App'x 816 (9th Cir. 2015) (plaintiff's claims alleging that the

8  individual defendants conspired and made false representations to the juvenile court are

9  "inextricably intertwined" with the court's orders in the dependency case).

10        Accordingly, the Court DISMISSES Plaintiffs' claims against the State

11  Defendants for lack of subject matter jurisdiction[2].

---

[2] Defendants state that the Termination Petitions filed in 2022 are still pending. To the extent the state dependency and termination proceedings are ongoing and Plaintiff seeks prospective injunctive relief, the Court must abstain from exercising jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971). *See Lacy-Curry v. Alameda Cty. Soc. Servs. Agency*, 262 F. App'x 9, 10 (9th Cir. 2007) (affirming dismissal because "[i]nsofar as state proceedings are ongoing, *Younger* abstention requires dismissal of this action.... [I]f state court proceedings have concluded, then the *Rooker-Feldman* doctrine precludes our review").

ORDER GRANTING STATE DEFENDANTS' MOTION
TO DISMISS WITH PREJUDICE - 6

1

**CONCLUSION**

2

Because the Nocitas' claims against the State Defendants are bared by the

3

*Rooker-Feldman* doctrine, the State Defendants motion to dismiss is GRANTED. The

4

Nocitas' claims against the State Defendants are dismissed with prejudice.

5

6

7

Dated this 14th day of August, 2023.

8

9

10

11

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER GRANTING STATE DEFENDANTS' MOTION
TO DISMISS WITH PREJUDICE - 7