UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Jacob Nocita,<br><br>              Plaintiff,<br>    v.<br><br>Andrea Leal,<br><br>              Defendants. | Case No. 3:22-cv-5741-TLF<br><br>ORDER GRANTING DEFENDANT JEREMY MITCHELL'S MOTION TO DISMISS (DKT. 71) |

This matter comes before the Court on Defendant Jeremy Mitchell's motion to dismiss Plaintiffs' claims against him under Federal Rule of Civil Procedure (Fed. R. Civ. P.) 4(m) and Fed. R. Civ. P 12(b)(5). After reviewing Defendant's motion to dismiss and the remaining record, the Court finds that Plaintiffs failed to serve Defendant Mitchell; therefore, Defendant's motion to dismiss is GRANTED. Defendant Mitchell is dismissed from this matter without prejudice.

## DISCUSSION

A court cannot exercise personal jurisdiction over a defendant unless a plaintiff has substantially complied with the service requirements of Federal Rule of Civil Procedure 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Tech.*, 840 F.2d 685, 688 (9th Cir. 1988). A motion for insufficient service of process may be brought under Fed. R. Civ. P. 12(b)(5).

Pursuant to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court on motion or on its own after notice to the plaintiff must

dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Plaintiff may show good cause where she "was prevented from serving a defendant because of events outside of [her] control" or due to a defendant's efforts to evade service. *Zoosk, Inc. v. Dyle*, 2011 WL 635279, at *2 (N.D. Cal. Feb. 11, 2011) (citing *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985)).

Under Rule 4(c)(1), the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(j). Otherwise, the plaintiff may opt to notify a defendant that an action has been commenced against them and request they waive service of summons. Fed. R. Civ. P Rule 4(d).

Unless the plaintiff obtains a waiver pursuant to Rule 4(d), "proof of service must be made to the court." Fed. R. Civ. P 4(l). If a plaintiff does not obtain and file a waiver, service must be accomplished by (1) serving the summons and pleading to the individual personally; (2) leaving a copy at the individual's usual residence with someone of suitable age and discretion who resides there; or (3) delivering a copy "to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4.1(d).

Here, Plaintiffs initiated their action on October 3, 2022. Dkt. 1-1. Defendant Mitchell was identified as a defendant then, and again on November 28, 2022, when Plaintiffs filed their amended complaint. Dkt. 8. Plaintiffs' applications to proceed *in forma pauperis* were not granted until January 25, 2023. Dkt. 28.

Plaintiffs successfully obtained waivers of service of other defendants in this matter. Dkts. 9-11, 20-22, 25, 34-37. Plaintiffs, however, did not obtain a waiver of service from Defendant Mitchell or file proof of service with the Court. To date, Defendant Mitchell has not been served. Dkt. 64, Declaration of Miles Russell, at ¶3.

Plaintiffs filed a response to Defendant Mitchell's motion. Dkt. 74. Plaintiff's did not provide any facts to show good cause under Rule 4(m). Plaintiffs have also not requested an extension of time to serve Defendant Mitchell even though Defendant Mitchell's counsel highlighted the service deficiency on February 6, 2023. Dkt. 39. Based on the record before the Court, Plaintiffs have not shown good cause for their failure to serve Defendant Mitchell.

Even without a showing of good cause, district courts have broad discretion to extend the time for service. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). In making extension decisions under Rule 4(m), a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service. Id. Here, more than seven months have passed since Plaintiffs' applications to proceed *in forma pauperis* were granted. Plaintiffs have not made efforts to serve Defendant Mitchell. The Court has considered the factors and finds they weigh in favor of dismissing Defendant Mitchell, under Fed. R. Civ. P. 12(b)(5).

CONCLUSION

The time to serve expired and, as of the date of this Order, Defendant Mitchell has not been served. Plaintiffs have not shown good cause for the failure to serve and the Court declines to exercise its discretion to extend the time to serve. Accordingly, the Court GRANTS Defendant Mitchell's motion to dismiss. Defendant Mitchell is dismissed from this action without prejudice.

Dated this 25th day of August, 2023.

Theresa L. Fricke
United States Magistrate Judge